## THE STATE v. J. W. BOWDEN.

1. FINAL JUDGMENT—WHEN NONE CAN BE ENTERED ON EXCEPTIONS TO INDICTMENT —No final judgment can be rendered in the District Court on exceptions to an indictment held bad by the district judge for the offense charged, but good for an offense of less degree.
2. PRACTICE.—In such cases the District Attorney should either conform to the judgment of the court and proceed to trial or dismiss the prosecution and procure the finding of a new indictment.

APPEAL from Houston.     Tried below 'before the Hon. Richard S. Walker.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—Upon exceptions to the indictment, it was set aside so far as it attempts to charge an aggravated assault and battery, but sustained as a good indictment for a simple assault and battery; to which ruling of the court the District Attorney excepted, and gave notice of appeal, and defendant gave the required recognizance, by which the case is brought by appeal to this court.     There was no judgment discharging the defendant from the prosecution; and the fact that no such judgment of discharge could have been rendered under the ruling of the court upon the exceptions to the indictment, shows that this case is not properly before this court for the want of a final judgment, from which alone an appeal lies.

The indictment is still pending in the District Court for the minor offense of simple assault and battery.

It is suggested that the proper course for the District Attorney, in such a case, is to have a new bill found, conforming to the judgment of the court, or proceed in the prosecution of the minor offense, in pursuance of the ruling of the court.     It is not perceived how otherwise the difference of opinion between the District Attorney and the judge, as to the sufficiency of the indictment, can be reconciled, so as to result in harmonious action in the

progress of a prosecution, when sufficient care has not been taken to so conform to the code in drawing the indictment as to prevent such difference of opinion.

For if the indictment is determined to be good for a simple assault and battery, and bad for an aggravated assault and battery, the court cannot set aside the indictment on exception, so as to render a final judgment thereon, without contradicting its own expressed decision, and committing an error in so doing, if the indictment be found good for a simple assault and battery.

Appeal is dismissed for want of final judgment determining the case in the District Court.

DISMISSED.